Charles A. Valente (SBN 242740)
cvalente@kaplansaunders.com
Kaplan Saunders Valente & Beninati, LLP
500 North Dearborn Street | 2nd Floor
Chicago, Illinois 60654
(312) 755-5700
(312) 755-5720 FAX

Attorneys for Defendant Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA CABRERA,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>Defendant. | Case No. 2:19-cv-09588<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Hearing Date:  May 11, 2020<br>Hearing Time:  10:00 a.m.<br>Hearing Location: Courtroom 5A |

Plaintiff's response to Costco's motion to dismiss fails to dispute that Costco remedied the only two alleged violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") set forth in her Complaint. Instead of disputing these facts, Plaintiff devotes almost half of her response to detailing the allegations of her Complaint and its supposed compliance with Federal Rule of Civil Procedure 8(a). This recitation of the

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS
RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Page **1** of 9

facts alleged misses the point. Costco's motion does not challenge whether the Complaint alleges a cause of action,[1] but instead sets forth why – even assuming the Complaint sets forth violations of ADAAG – the facts changed and this Court no longer has subject matter jurisdiction. In other words, assuming the truth of all the factual allegations in the Complaint, this matter is now moot.

While Plaintiff fails to dispute the facts underlying Costco's motion, Plaintiff's arguments likewise fail to provide any basis for this Court to exercise jurisdiction over this case. Indeed, as set forth below: (1) whether Plaintiff's ADA claim is moot is properly resolved under Rule 12(b)(1); (2) Plaintiff has failed to raise any genuine issue of material fact which would refute the mootness of her claim; and (3) there is no evidence to suggest that Costco will undo the physical changes it has made to the women's restroom in response to Plaintiff's Complaint.

## I.   Whether Plaintiff's ADA Claim Is Moot Is Properly Resolved on a Motion to Dismiss Pursuant to Rule 12(b)(1).

It is axiomatic that Federal courts are courts of limited jurisdiction. The Federal Constitution specifically limits that jurisdiction to "cases and controversies", thus barring district courts from issuing advisory opinions. As a result, when a case is moot such that there is no relief that a federal court could enter, the matter must be dismissed. See De Funis v. Odegaard, 416

---

[1] For purposes of this Motion only, Costco (1) assumes the truth of Plaintiff's factual allegations; and (2) concedes that Plaintiff's allegations standing alone establish a violation of the ADA or ADAAG. While not relevant to this motion, Costco denies that the height of the mirror over the lavatory or the drainpipes under the lavatory in the women's restroom at Costco's City of Industry warehouse violated the ADA or ADAAG.

**DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS**
**RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Page **2** of **9**

U.S. 312, 316 (1974) ("Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

As the Ninth Circuit has explained, the typical standard employed on a Rule 12(b)(1) motion is the summary judgment standard:

> [T]he district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987). (Indeed, Plaintiff actually admits this is the proper standard in its response brief. [See Doc. No. 26 at 7.])

Because as explained in Part II below, Plaintiff has failed to raise any evidence to create a question of fact as to whether its claim is moot, this Court should grant Costco's Rule 12(b)(1) motion.[2]

## II.  Plaintiff Has Failed To Raise A Genuine Issue Of Material Fact As To Whether Her ADA Claim Is Moot.

In her Complaint, Plaintiff alleges two specific aspects of the women's restroom that she contends fail to comply with the ADA: a mirror that is too high according to ADAAG Section 603.3 and a sink that has exposed drainpipes in supposed violation of Section 606.5. This Court need not resolve

---

[2] Even if this Court were to find some minor factual issue on the extrinsic issues raised by Costco, because that evidence does not dispute any of Plaintiff's factual allegations, this Court has the ability "to hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, [because] the jurisdictional facts are not intertwined [with Plaintiff's factual allegations]." Rosales, 824 F.2d at 803.

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS
RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Page 3 of 9

whether at the time of Plaintiff's visit to the subject property in September 2019 these conditions existed or even if these conditions violated the ADAAG. Instead, the uncontradicted Declaration of John Saltzman, a Costco Assistant General Manager at the Warehouse, establishes on personal knowledge[3] that Costco (1) recently installed a full-length mirror in the women's restroom which satisfies the requirements of ADAAG Section 603.3, and (2) insulated the drainpipe under the lavatory in the women's restroom in compliance with ADAAG Section 606.5. Saltzman's declaration includes photographs of each.

In response to Costco's motion, Plaintiff fails to present evidence regarding the recently installed mirror, the recently insulated drainpipe, or any other purported violation of ADAAG. Instead, Plaintiff simply speculates that there may be some other unidentified inaccessible feature of the women's restroom that she failed to discover when she went to the Warehouse with the specific purpose of confirming that the Warehouse complied with state and federal accessibility laws. [See Docket No. 1, ¶ 10] In effect, Plaintiff argues that she should continue to be allowed to prosecute her claim against Costco on the basis that she might uncover some other presently unknown feature of Costco's warehouse that she has not encountered but which does not comply with ADAAG. This specter of a claim is not an actual case or controversy, a necessary condition for this Court's exercise of subject matter jurisdiction.

Apparently recognizing the feebleness of this contention, Plaintiff also contends that Costco has somehow submitted "insufficient evidence" for the

---

[3] While Plaintiff inexplicably contests that Saltzman had no personal knowledge, Paragraph 1 of his declaration recites that he "could testify to the following facts from personal knowledge."

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS
RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Page **4** of **9**

1   Court to determine whether her claims are moot. In fact, Costco has provided
2   the Court with a declaration and photographs demonstrating that Costco
3   installed a full-length mirror, with its bottom-edge measuring at a height of 22
4   inches above the finished floor and insulated the drainpipe beneath the
5   lavatory in the women's restroom.[4] [Docket No. 24, ¶¶ 3, 4 and Figures A, B]
6   In doing so, Costco addressed the only two violations of ADAAG that
7   Plaintiff contends to have encountered. [Docket No. 1, ¶ 14]

        While Plaintiff argues that the length of the full-length mirror installed
is somehow relevant, nothing in ADAAG mandates that the mirror be any
particular length – nor does Plaintiff put forth any evidence as to what she
contends the required length of the mirror might be. Instead, Costco provided
the one measurement relevant to ADAAG Section 603.3, the distance from
the finished floor to the bottom of the mirror and Plaintiff presented no
evidence to contest it. Similarly, while Plaintiff questions the "adequacy" of
the drainpipe insulation, she has not put forth any evidence that the insulation
is inadequate or that it fails to meet any standard articulated in ADAAG.

        While Plaintiff contends that her attorneys have litigated "many cases"
where the "entire fight is over the configuration and measurements," in this
case, by submitting no contrary evidence, Plaintiff has put up no "fight".

        Plaintiff's final attempt to stave off dismissal here is her repeated
contention that this motion is somehow premature because she has written
discovery outstanding. Plaintiff, however, has failed to explain (by affidavit

---

[4] Plaintiff denigrates Saltzman's declaration because he does not recite that he has a CASp certification, but Saltzman has not been asked to testify to any opinion based on scientific, technical, or other similar specialized knowledge. See FED.R.EVID. 701. His testimony is competent and uncontroverted.

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS
RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Page **5** of **9**

or otherwise) (1) what specific facts she hopes to elicit from discovery; (2) that the facts sought exist; or (3) that the sought after facts are essential to opposing this motion. See FED.R.CIV.P. 56(d); Family Home Fin. Ctr., Inc. v Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (no abuse of discretion in denying discovery and granting summary judgment). Moreover, the restroom in question here is open to the public, an inspection of less than ten minutes would be sufficient to test Saltzman's declaration testimony.

In light of the foregoing, Plaintiff has not set forth any evidence of a genuine issue of material fact precluding dismissal of this case. [See Docket No. 26, at 7 (arguing that the jurisdictional facts are intertwined with the merits, warranting application of a Rule 56 summary judgment standard)]

### III.   There Is No Evidence to Suggest Costco Will Remove the Full-Length Mirror or the Insulation from the Drainpipe.

As noted, while Plaintiff contends she went to the Warehouse with the purpose of rooting out any non-compliance with state and federal accessibility laws, she identified only two issues in her Complaint: a mirror that she believed was too high and a drainpipe that she stated was not insulated. In other words, Plaintiff's claims were based on physical features of the Warehouse. As noted above, Costco installed a full-length mirror and insulated the drainpipe. Moreover, as the declaration also affirms, Costco intends to keep the full-length mirror permanently mounted in its women's restroom and to ensure that the drainpipes remain insulated. [Docket No. 24, ¶ 5] Plaintiff, however, contends that Costco might abandon those changes.

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS
RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Page 6 of 9

1
2
3
4
5
6
7
8

The fact that Costco made the exact physical modifications to the Warehouse to comply with the ADAAG that this Court would have required if Plaintiff prevailed evidences that these alleged violations of ADAAG will not recur. Physical structural changes to a building are precisely the types of changes that courts routinely hold rebut any presumption that a party might return to violating the law once a case is dismissed.[5] As very recently explained in Marquez v. CMG Enterprises, LLC:

9
10
11
12
13
14

> In the context of ADA claims, courts generally find that 'where structural modifications are made, ***then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since structural modification undo[es] the offending conduct***.

15
16
17

2020 U.S.Dist. LEXIS 59500, at *6 (C.D.Cal. Apr. 2, 2020) (citing Zaldivar v. City of San Diego, 2016 U.S.Dist. LEXIS 129172, *32-33 (S.D.Cal. September 21, 2016) (collecting cases)) (emphasis added).

18
19
20
21
22
23

In this case, Plaintiff has put forth no evidence whatsoever to suggest that Costco intends to undo the structural changes that it has made in response to her claims. Instead, Plaintiff relies on Moeller v. Taco Bell Corp., 816 F.Supp.2d 831 (N.D. Cal. 2011), to somehow establish the risk that Costco's physical changes are not sustainable. Moeller is inapplicable here.

24
25

In Moeller, the plaintiff sought relief on behalf of a class of disabled individuals, in part relating to the accessible parking spaces in the defendant's

26
27
28

---

[5] Indeed, only the most foolhardy defendant would make physical changes to their buildings to avoid a defensible ADA claim and then undo those changes after dismissal thereby subjecting the defendant to further claims by that same plaintiff as well as a host of other serial ADA plaintiffs.

**DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Page **7** of **9**

parking lots and other inaccessible features of defendant's restaurants. 816 F.Supp.2d at 853. In seeking to avoid liability, the defendant argued that the plaintiffs lacked standing because it had remediated barriers identified by the plaintiffs' expert and a special master, and that it had implemented new policies for accessibility following the filing of the lawsuit. 816 F.Supp.2d at 848. The evidence presented showed that the defendant repeatedly violated its own accessibility policies, resulting in a lack of van accessible parking, a lack of required signage at accessible parking spaces, and other non-compliant features within the defendant's restaurants. 816 F.Supp.2d at 844-45, 861. In essence, although the defendant sought dismissal of the plaintiff's claims as moot on the basis of its accessibility policies, the evidence showed that the defendant did not follow those policies, resulting in inaccessible features at its restaurants. 816 F.Supp.2d 861-62.

Unlike the Moeller plaintiff, Plaintiff presents no evidence here. Moreover, Plaintiff's claim here is based on the existence of an architectural barrier, not on Costco's policies, practices, or procedures. Instead, her claims are that she identified two supposed violations of ADAAG during her visit to the Warehouse, both of which have been addressed by Costco. Because this case is not about any Costco policy but instead relates to the physical compliance of the Warehouse, Moeller is irrelevant.

While Plaintiff cites to vague allegations that she made in her Complaint, such as the supposed lack of any Costco policy or plan to ensure that Costco's restrooms comply with ADAAG, the lack of a policy – even if that were the case – does not vest any rights in Plaintiff. While the existence (or lack thereof) of such a policy or plan might have evidentiary value to the

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS
RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Page 8 of 9

parties if there was a factual dispute, it has no independent legal relevance as the ADA does not require a party have any such policy or plan. Plaintiff cited two purported violations of ADAAG which she claims to have encountered and both have been remedied. Plaintiff cannot and does not have any right to any relief from Costco and thus her claim is moot.

## IV.    Conclusion

Plaintiff has not come forward with any evidence to refute the fact that Costco installed a full-length mirror, at a height prescribed by Section 603.3 of ADAAG, and ensured that the drainpipes under the lavatory in the women's restroom at the Warehouse were insulated. As a result, there is no relief that this Court could grant to Plaintiff, even if she proved each and every allegation in her Complaint. This matter is thus moot and judgment of dismissal with prejudice should be entered in favor of Defendant Costco Wholesale Corporation on Plaintiff's Complaint.

April 27, 2020                          COSTCO WHOLESALE CORPORATION


                                        By: /s/ Charles A. Valente
                                        Charles A. Valente,
                                        Attorney for Defendant
                                        Costco Wholesale Corporation

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS
RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Page **9** of 9