UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case Nos. CV-19-9588-MWF (ASx)**          **Date:  July 17, 2020**
Title:    Gabriela Cabrera v. Costco Wholesale Corporation, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [22] [23]

Before the Court is Defendant Costco Wholesale Corporation's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion"), filed on April 9, 2020.  (Docket No. 23).  Plaintiff Gabriela Cabrera submitted an Opposition to the Motion on April 20, 2020.  (Docket No. 26).  Defendant filed a Reply on April 27, 2020.  (Docket No. 27).

The Motion was noticed to be heard on May 11, 2020.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Vacating the hearing was further supported by the Continuity of Operations Plan arising from the COVID-19 emergency.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**.  Although Defendants argue that Plaintiff's request for an injunction is moot because all alleged wrongs have been remedied, the Court cannot make that determination under Rule 12(b).  Nothing prevents Defendant, however, from promptly moving for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case Nos. CV-19-9588-MWF (ASx)**                **Date:  July 17, 2020**
Title:      Gabriela Cabrera v. Costco Wholesale Corporation, et al.

## I.     BACKGROUND

Plaintiff commenced this action on November 7, 2019.  (*See generally* Complaint ("Compl.") (Docket No. 1)).  The Complaint contains the following allegations:

Plaintiff has polio and is substantially limited in performing various major life activities, including walking, standing, and ambulating.  (Compl. ¶ 1).  Therefore, she requires a wheelchair to ambulate.  (*Id.*).

Defendant owned the property located at 17550 Castleton St, City of Industry, California 91748 (the "Property") on September 22, 2019 and still owns the Property.  (*Id.* ¶¶ 2, 3).  Defendant also owns, operates, and controls the Costco ("Business") located at the Property.  (*Id.* ¶ 5).

On September 22, 2019, Plaintiff went to the Business with the intention of purchasing store items and confirming that the Business is accessible to persons with disabilities.  (*Id.* ¶ 13).  The Business is open to the public, but on the date of Plaintiff's visit, the Business did not provide designated accessible restroom facilities in compliance with 2010 American with Disabilities Act Accessibility Guidelines ("ADAAG").  (*Id.* ¶¶ 9-10).  Specifically, Plaintiff alleges that she personally encountered the following two violations: (1) a mirror that is too high according to ADAAG specifications (Section 603.3); and (2) a sink that has exposed drain pipes (Section 606.5).  (*Id.* ¶¶ 14, 18).  On information and belief, Defendant has no policy or plan in place to make sure that the restroom facilities comport with ADAAG.  (*Id.* ¶ 17).  Plaintiff is being deterred from patronizing the Business but intends to return.  (*Id.* ¶ 21).

Based on these allegations, Plaintiff asserts two claims for relief: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and (2) violation of California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51–53.  (*Id.* ¶¶ 28-36).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case Nos. CV-19-9588-MWF (ASx)**          **Date: July 17, 2020**
Title:     Gabriela Cabrera v. Costco Wholesale Corporation, et al.

On March 30, 2020, this Court declined to exercise supplemental jurisdiction over Plaintiff's state Unruh Act claim. (Docket No. 18). Accordingly, only Plaintiff's ADA claim remains.

## II.    DISCUSSION

Defendant brings this Motion under Federal Rule of Civil Procedure 12(b)(1) due to the alleged absence of subject-matter jurisdiction. If "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the complaint's allegations must be accepted as true. *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* And the allegations, of course, need not be presumed as true. *Id.*

Defendant contends that this action is moot because all alleged violations have already been remedied. (Motion at 4-6). The Ninth Circuit has made clear, however, that any jurisdictional questions intertwined with the merits of the dispute cannot be resolved under Rule 12(b)(1). *See Safe Air*, 373 F.3d at 1040 (holding that jurisdictional issues going to the merits of the plaintiff's claim were inappropriate for resolution under Rule 12(b)(1)); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case like this, where issues of jurisdiction and substance are intertwined."). Whether Defendant's Business is now in compliance with the ADA is an issue that goes the substance of Plaintiff's claims. *See Kohler v. Flava Enterprises, Inc.*, No. 10-CV-730-IEG NLS, 2011 WL 1597468, at *2 (S.D. Cal. Apr. 25, 2011) ("Whether the alleged barriers have in fact been removed is dispositive of both the Court's subject matter jurisdiction and the merits of Plaintiff's ADA claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case Nos. CV-19-9588-MWF (ASx)**        **Date: July 17, 2020**
Title:     Gabriela Cabrera v. Costco Wholesale Corporation, et al.

Thus, dismissal pursuant to Rule 12(b)(1) is inappropriate."). The Court may not, therefore, resolve that issue on this Motion.

       Such a dispute is properly adjudicated at summary judgment. Indeed, the Court notes that every case that Costco cited in its Motion was resolved at the summary judgment stage. *See e.g., Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (ADA claim was deemed moot because defendants have demonstrated that the challenged ADA violations were corrected at ***summary judgment stage***); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (same); *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) (same); *Langer v. Chavez*, No. 2:17-CV-4034-ODW-AS, 2018 WL 3524583, at *3 (C.D. Cal. July 20, 2018) (same).

       Accordingly, the Motion is **DENIED**. However, Defendant may promptly file a motion for summary judgment to demonstrate that it is now in compliance with the ADA. Rather than get into an argument under Rule 56(d), the parties should agree on disclosures or an inspection procedure that is prompt and cheap; indeed, perhaps that will lead to dismissal of the action.

       IT IS SO ORDERED.