Charles A. Valente (SBN 242740)
cvalente@kaplansaunders.com
Kaplan Saunders Valente & Beninati, LLP
500 North Dearborn Street | 2nd Floor
Chicago, Illinois 60654
(312) 755-5700
(312) 755-5720 FAX

Attorneys for Defendant Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA CABRERA,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>Defendant. | Case No. 2:19-cv-09588<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  August 31, 2020<br>Hearing Time:  10:00 a.m.<br>Hearing Location: Courtroom 5A |

Pursuant to Local Rule 56-1, Defendant Costco Wholesale Corporation submits this Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment.

**DEFENDANT COSTCO WHOLESALE CORPORATION'S STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**Page 1 of 5**

| Statement of Uncontroverted Fact | Evidentiary Support |
|---|---|
| 1.    Costco operates warehouse membership clubs throughout the United States at which it sells goods to its members. | Docket No. 24, Declaration of John Saltzman ("Saltzman Decl."), ¶ 2. |
| 2.    Costco operates a warehouse at 17550 Castleton St, City of Industry, California 91748 (the "Warehouse"). | Docket 1, ¶¶ 1-5. |
| 3.    Plaintiff alleges two architectural barriers that supposedly violated the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") which she contends deprived her of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Warehouse:<br>    a. "a mirror that is too high according to ADAAG specifications (Section 603.3)"; and<br>    b. "a sink that has exposed drainpipes (Section 606.5)." | Docket No. 1, ¶ 14. |

**DEFENDANT COSTCO WHOLESALE CORPORATION'S STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**Page 2 of 5**

| 4.    Costco installed a full-length mirror in the women's restroom at the Warehouse in January 2020, with a bottom edge measuring 22 inches above the finished floor. | Saltzman Decl., ¶ 3, Figure A. |
|---|---|
| 5.    Costco insulated each of the drainpipes in the women's lavatory in January 2020. | Saltzman Decl., ¶ 4, Figure B. |

## Costco's Conclusions of Law

1.    Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.PRO. 56(a).

2.    The non-moving party must come forward with admissible evidence to oppose the motion. FED.R.CIV.PRO. 56(c)(2).

3.    The Americans with Disabilities Act ("ADA") was enacted by Congress in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 1210(b)(1); PGA Tour, Inc. v. Martin, 532 U.S. 661, 675 (2001).

4.    Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of "goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" by its owner or operator. 42 U.S.C. § 12182(a).

DEFENDANT COSTCO WHOLESALE CORPORATION'S STATEMENT OF UNDISPUTED FACTS
AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Page 3 of 5

5.       The ADA defines discrimination to include "the failure to remove architectural barriers" in existing facilities where such removal is "readily achievable." 42 U.S.C. § 12185(b)(2)(A)(iv).

6.       Under Section of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") Section 213.3.5, where restroom mirrors are provided, at least one of those mirrors must comply with ADAAG Section 603.3. ADAAG Section 603.3 requires that mirrors which are not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface at a maximum height of 35 inches above the finished floor.

7.       ADAAG Section 606.5 requires that water supply and drain pipes be insulated or otherwise configured to protect against contact.

8.       A private plaintiff can sue only for injunctive relief (*i.e.*, for removal of the barrier) under the ADA. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011).

9.       In the instant matter, it is undisputed that Costco has removed the two alleged barriers that Plaintiff identified in her Complaint. As such, there is no relief that this Court could award to Plaintiff under the ADA. See Hubbard v. 7-Eleven, Inc., 433 F.Supp.2d 1134, 1145 (S.D.Cal. 2006).

10.      As a result, Costco should be granted summary judgment, and Plaintiff's claims should be dismissed with prejudice.

**DEFENDANT COSTCO WHOLESALE CORPORATION'S STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**Page 4 of 5**

1    July 28, 2020                          **COSTCO WHOLESALE CORPORATION**

2

3                                           By: */s/ Charles A. Valente*

4                                           Charles A. Valente,

5                                           Attorney for Defendant

6                                           Costco Wholesale Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COSTCO WHOLESALE CORPORATION'S STATEMENT OF UNDISPUTED FACTS
AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**Page 5 of 5**