Charles A. Valente (SBN 242740)
cvalente@kaplansaunders.com
Kaplan Saunders Valente & Beninati, LLP
500 North Dearborn Street | 2nd Floor
Chicago, Illinois 60654
(312) 755-5700
(312) 755-5720 FAX

Attorneys for Defendant Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA CABRERA,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>Defendant. | Case No. 2:19-cv-09588<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  August 31, 2020<br>Hearing Time:  10:00 a.m.<br>Hearing Location: Courtroom 5A |

## I.    INTRODUCTION

Plaintiff Gabriela Cabrera filed this action, seeking equitable relief under Title III of the Americans With Disabilities Act (the "ADA") and for equitable relief and statutory damages under the California Unruh Civil Rights Act (the "Unruh Act") against Defendant Costco Wholesale Corporation

DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Page 1 of 7

concerning Costco's City of Industry, California warehouse.[1] As a result of Costco's installation of a full-length mirror and insulation of drainpipes in the women's restroom in its City of Industry warehouse, and as a matter of undisputed fact and law, Plaintiff's request for equitable relief under the ADA is now moot, and summary judgment should be granted in favor of Costco.

## I.     The Undisputed Facts

Costco operates warehouse membership clubs throughout the United States at which it sells goods to its members. (Statement of Uncontroverted Facts ("Stat. of Facts"), ¶1.) Costco operates a warehouse at 17550 Castleton St, City of Industry, California 91748 (the "Warehouse"). (Stat. of Facts, ¶2.)

In her Complaint, Plaintiff alleged two architectural barriers that supposedly violated the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") which she contends deprived her of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Warehouse:

a.     "a mirror that is too high according to ADAAG specifications (Section 603.3)"; and

b.     "a sink that has exposed drainpipes (Section 606.5)."

(Stat. of Facts, ¶3.) While Costco denies that either of the specified items were architectural barriers or violated ADAAG, that denial is not the basis of this motion. Instead, this motion is based on the fact that Costco installed a full-length mirror in the women's restroom at the Warehouse in January 2020,

---

[1] This Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim leaving the parties at issue on the ADA claim alone. [Docket No. 18]

DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Page 2 of 7

with a bottom edge measuring 22 inches above the finished floor and insulated each of the drainpipes in the women's lavatory. (Stat. of Facts, ¶¶4-5.)

## II.    Summary Judgment Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.PRO. 56(a). In evaluating a summary judgment motion, a court must view all facts and draw all inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). In opposing summary judgment, the non-moving party must go beyond the allegations and assertions of the pleadings and must instead set forth specific facts providing the court with competent evidence establishing a genuine issue for trial. FED.R.CIV.PRO. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party must come forward with admissible evidence to oppose the motion. FED.R.CIV.PRO. 56(c)(2).

## III.   The ADA's Statutory Framework

The ADA was enacted by Congress in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 1210(b)(1); PGA Tour, Inc. v. Martin, 532 U.S. 661, 675 (2001). Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of "goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" by its owner or operator. 42 U.S.C. § 12182(a). The ADA defines discrimination to include "the failure to remove

DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Page 3 of 7

1   architectural barriers" in existing facilities where such removal is "readily

2   achievable." 42 U.S.C. § 12185(b)(2)(A)(iv).

3       Generally, a facility is "readily accessible to and usable by individuals

4   with disabilities" if it meets the requirements set forth by the Attorney General

5   in ADAAG. See 28 C.F.R. § 36.406; Oliver v. Ralphs Grocery Co., 654 F.3d

6   903, 905 (9th Cir. 2011). A private plaintiff can sue only for injunctive relief

7   (i.e., for removal of the barrier) under the ADA. Oliver, 654 F.3d at 905. "[A]

8   defendant's voluntary removal of alleged barriers prior to trial can have the

9   effect of mooting a plaintiff's ADA claim." Oliver, 654 F.3d at 905 (citing

10  Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1145 (S.D.Cal. 2006)).

11      There is no requirement under ADAAG to provide mirrors in

12  restrooms, but "[w]here mirrors are provided, at least one shall comply with

13  603.3." ADAAG Section 213.3.5. ADAAG Section 603 applies to Toilet and

14  Bathing Rooms. It provides, in part, as follows:

> **603.1 General.** Toilet and bathing rooms shall comply with 603.
>
> *   *   *
>
> **603.3 Mirrors.** Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Page 4 of 7

Sections 213.3.4 and 606.5 provide the applicable guidelines for the insulation of drainpipes under lavatories in restrooms. Those provisions provide as follows:

> **213.3.4 Lavatories.**  Where lavatories are provided, at least one shall comply with 606 and shall not be located in a toilet compartment.
>
> \* \* \*
>
> **606.5 Exposed Pipes and Surfaces.**  Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

## IV.   COSTCO SHOULD BE GRANTED SUMMARY JUDGMENT BECAUSE THE INSTANT DISPUTE IS MOOT.

Article III of the Constitution limits the jurisdiction of the federal courts to those matters which present an actual case or controversy. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). And, it is extremely well-settled that where subsequent events have rendered the dispute before a federal court moot, there is no justiciable controversy and the matter must be dismissed. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) ("Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."). Where mootness derives from the defendant's voluntary actions, federal courts must be careful to determine that (1) there is no reasonable expectation that the defendant will return to his prior conduct;

DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Page 5 of 7

and (2) the defendant's actions have eradicated the effects of the alleged violation. <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979).

For example, in <u>Pickern v. Best Western Timber Cove Lodge</u>, 194 F.Supp.2d 1128, 1130 (E.D.Cal. 2002), the defendant hotel owner sought summary judgment because it had removed all of the barriers to access that the plaintiff had raised under the ADA. The district court denied the motion, finding a triable issue of fact existed as to whether barriers to access remained in two hotel rooms (whether there was adequate wheelchair turning space in the bathrooms and whether removing the bathtubs was readily achievable). 194 F.Supp.2d at 1130. The defendant hotel owner promptly removed the tubs and sought dismissal of the ADA claim as moot. This time the district court granted the motion dismissing the ADA claim. 194 F.Supp.2d at 1130. <u>See also</u> <u>Grove v. De La Cruz</u>, 407 F.Supp.2d 1126 (C.D.Cal. 2005) (ADA claim to install grab bars in restroom mooted by installation of grab bars). In this case, Costco's physical installation of an ADA compliant mirror and insulation of the drainpipes completely moots this case.

In the instant matter, Costco has removed the only two conditions that Plaintiff alleges violated the ADA's new construction standards. Because it is an undisputed fact that the Warehouse now complies with ADAAG Sections 213.3.5, 603.1, 603.3, and 606.5, there is no relief that this Court could award to Plaintiff under the ADA. <u>See</u> <u>Hubbard v. 7-Eleven, Inc.</u>, 433 F.Supp.2d 1134, 1145 (S.D.Cal. 2006) (ADA claim deemed moot where defendant repaired ramp slope from public sidewalk to store entrance); <u>Whitaker v. Larchmont Vill. Plaza, LLC</u>, 2020 2020 U.S. Dist. LEXIS 127849, **9-10 (C.D.Cal. July 20, 2020) (granting summary judgment in favor of ADA

DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Page **6** of 7

defendant where defendant offered uncontested evidence demonstrating that claimed ADAAG violations were remedied); <u>Langer v. Chavez</u>, 2018 U.S. Dist. LEXIS 121856, \*\*7-8 (C.D.Cal. July 20, 2018) (same).

Here, Costco has addressed each of the specific alleged violations of ADAAG identified in Plaintiff's Complaint by making permanent changes to the restroom. There is likewise no reasonable expectation that Costco will remove the full-length, ADA-compliant mirror from its facility or that it will remove the insulation from its drainpipes in the women's restroom. As such, this case should be dismissed pursuant to Section12(b)(1) of the Federal Rules of Civil Procedure as moot.

## V.   CONCLUSION

Because as a matter of undisputed fact and law there is no relief that this Court could grant to Plaintiff, even if she proved each and every allegation in her Complaint, this matter is moot, and Costco is entitled to summary judgment. Accordingly, this Court should enter summary judgment in Costco's favor and dismiss Plaintiff's claims with prejudice.

July 28, 2020                          COSTCO WHOLESALE CORPORATION


                                       By: /s/ Charles A. Valente
                                       Charles A. Valente,
                                       Attorney for Defendant
                                       Costco Wholesale Corporation

DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Page 7 of 7