1  Charles A. Valente (SBN 242740)
2  cvalente@kaplansaunders.com
3  Kaplan Saunders Valente & Beninati, LLP
   500 North Dearborn Street | 2nd Floor
4  Chicago, Illinois 60654
5  (312) 755-5700
   (312) 755-5720 FAX
6
7  Attorneys for Defendant Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GABRIELA CABRERA, | Case No. 2:19-cv-09588 |
|---|---|
| Plaintiff, | **DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| v. | Hearing Date: August 31, 2020 |
| COSTCO WHOLESALE CORPORATION, et al., | Hearing Time: 10:00 a.m. |
| Defendant. | Hearing Location: Courtroom 5A |

## Introduction

Plaintiff's response to Costco's motion for summary judgment fails to dispute that Costco remedied the only two alleged violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") set forth in her Complaint. Instead of disputing these facts, Plaintiff seeks relief under Rule 56(d), in essence complaining that she should be permitted to root around the Warehouse for other violations of ADAAG, and that Costco's failure to engage in settlement discussions should somehow be held against it for

purposes of this Court's resolution of the motion for summary judgment. Plaintiff's arguments lack any basis in law, and Costco's motion for summary judgment should be granted because there is no case or controversy here.[1]

### Plaintiff's Claims Are Moot, and Rule 56(d) Is Inapplicable.

In response to Costco's motion, Plaintiff fails to present evidence regarding the recently installed mirror, the recently insulated drainpipe, or any other purported violation of ADAAG. Instead, Plaintiff invokes Federal Rule 56(d) in arguing that she should be permitted to conduct an inspection of the Warehouse to find some ADAAG violation that she did not previously encounter, simply so that she can continue to sue Costco. Plaintiff cites no case law in support of her position.

Federal Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED.R.CIV.P. 56(d). Denial of a continuance "is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). Plaintiff's declaration fails to meet this standard, as Plaintiff's counsel provides no explanation why he or his client could not, in the more than 4 months since Costco first sought to dismiss

---

[1] While Plaintiff argues that Costco failed to comply with Rule 7-3, Costco notes that it has in effect, sought the same relief, based on the same facts, as it sought when Costco filed its motion to dismiss. In light of Plaintiff's opposition to the motion to dismiss, it was clear that Plaintiff likewise did not agree to have summary judgment entered against her.

Plaintiff's claims as moot, determine whether Costco had remedied the violations of ADAAG alleged in the Complaint.

The recent decision in <u>Whitaker v. Larchmont Village Plaza, LLC</u>, which Costco cited in its opening brief (Dkt. 31-1 at 6), is instructive here. In that case, the plaintiff filed a complaint under the ADA and state law, claiming that the defendant store violated ADAAG by failing to have an accessible sales counter. 2020 U.S. Dist. LEXIS 127849, at *2 (C.D.Cal. July 20, 2020). The defendant installed a lowered sales counter in compliance with ADAAG and then sought summary judgment. 2020 U.S. Dist. LEXIS 127849, at *6. In response, the plaintiff did not dispute that the alleged ADAAG violation had been remedied, but instead argued that the motion was premature because he had not yet conducted an inspection of the site to determine whether other violations of ADAAG existed. 2020 U.S. Dist. LEXIS 127849, at *6. In rejecting the plaintiff's motion for a continuance, the court noted:

> And Plaintiff cites no rule requiring a defendant to wait until the plaintiff has conducted a site inspection, identified additional accessibility barriers, and amended his complaint before moving for summary judgment. To the contrary, the Court's Order re Motions for Summary Judgment acknowledges that "an early motion for summary judgment can be sensible under certain circumstances." The Court believes that ADA cases like this one where the defendant works to remediate the violations as quickly as possible is a circumstance where an early summary judgment motion is sensible.

2020 U.S. Dist. LEXIS 127849, at *8 (internal citations omitted).

The same result is warranted here. Plaintiff's request for relief under Rule 56(d) is based on mere speculation that there may be some other unidentified inaccessible feature of the women's restroom that Plaintiff failed

to discover when she went to the Warehouse with the specific purpose of confirming that the Warehouse complied with state and federal accessibility laws. [See Docket No. 1, ¶ 10] In effect, Plaintiff argues that she should continue to be allowed to prosecute her claim against Costco on the basis that she might uncover some other presently unknown feature of Costco's warehouse that she has not encountered to date but which does not comply with ADAAG. This specter of a claim is not an actual case or controversy.

The fact that the parties have not completed discovery does not make Costco's motion premature. Notably, Plaintiff has failed to explain (1) what specific facts she hopes to elicit from discovery[2]; (2) that the facts sought exist; or (3) that the sought after facts are essential to opposing *this* motion, which simply relates to the alleged violations that Plaintiff actually claims to have encountered. See FED.R.CIV.P. 56(d); Family Home Fin. Ctr., Inc. v Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (no abuse of discretion in denying discovery and granting summary judgment). Moreover, the restroom in question here is open to the public, a visual "inspection" of less than ten minutes would be sufficient to test Costco's evidence that the alleged violations of ADAAG have been remedied.

## Conclusion

In light of the foregoing, Plaintiff's Rule 56(d) request should be denied, and Cotsco's motion for summary judgment should be granted.

---

[2] While Plaintiff claims that Costco failed to participate in discovery in good faith, Plaintiff makes no attempt to demonstrate how any of that discovery relates to the matters at issue on this motion.

| | | |
|---|---|---|
| 1 | August 18, 2020 | **COSTCO WHOLESALE CORPORATION** |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Charles A. Valente* |
| 5 | | Charles A. Valente, |
| 6 | | Attorney for Defendant |
| | | Costco Wholesale Corporation |